# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TONYA J. COPPA,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0669**  (BOR Appeal No. 2044938)
                              (Claim No. 2008043437)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PANHANDLE SUPPORT SERVICES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tonya J. Coppa, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Panhandle Support Services, Inc., by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 29, 2011, in which the Board reversed an August 16, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 21, 2009, and October 20, 2009, decisions closing the claim for temporary partial rehabilitation benefits, and closing the claim for vocational rehabilitation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Coppa was working for Panhandle Support Services, Inc. as a home health aide when she injured her lower back and sacroiliac joint. She was treated for such, and a vocational rehabilitation plan was developed to return Ms. Coppa back to her pre-injury employment. On August 21, 2009, the claims administrator closed the claim for temporary partial rehabilitation benefits. On October 20, 2009, the claims administrator closed the claim for vocational rehabilitation services and temporary partial rehabilitation benefits, based on an evaluation by Dr. Kaplan, and information that Ms. Coppa had been released to return to her pre-injury work.

The Office of Judges reversed the claims administrator's Order, and reinstated vocational rehabilitation services, and granted temporary partial rehabilitation benefits to continue commensurate with Ms. Coppa's part-time employment. The Office of Judges discredited Dr. Kaplan's evaluation because the evaluation was limited to only one compensable condition in the claim. The Office of Judges concluded that Ms. Coppa was not at maximum medical improvement for the compensable injuries, and was entitled to additional vocational rehabilitation and temporary partial rehabilitation benefits.

The Board of Review reversed the Office of Judges Order, and reinstated the claims administrator's Orders closing the claim for vocational rehabilitation services and temporary partial rehabilitation benefits. We agree with the conclusions of the Board of Review. The record indicates that Dr. Milton released Ms. Coppa to return to her pre-injury work. Moreover, under West Virginia Code § 23-4-9 (2005), it is the shared responsibility of the employer, employee, and the commission to cooperate in the development of a rehabilitation plan to return the injured employee to pre-injury work. There is evidence that Ms. Coppa was not cooperating in efforts to return her to full-time employment due to personal reasons unrelated to the compensable injuries. Additionally, temporary partial rehabilitation benefits are available only when the injured employee is receiving vocational rehabilitation services.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman

**DISSENTING:**
Justice Menis E. Ketchum
Justice Allen H. Loughry II